IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN KOSS, | ) |
| Plaintiff, | ) 2:09-cv-02682-GEB-GGH |
| v. | ) ORDER |
| AGRESSO AMERICAS CORPORATION, | ) |
| Defendant. | ) |

On November 4, 2009 Defendant filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on all claims in Plaintiff's complaint. Plaintiff alleges the following claims in his complaint: breach of contract, breach of the California Labor Code for failure to pay all wages at the termination of employment, and promissory estoppel.

**I.   BACKGROUND**

The issue is whether under the employment contract entered between Plaintiff and Defendant, Defendant was authorized to pay Plaintiff the equivalent of two weeks pay in lieu of providing Plaintiff two weeks notice prior to termination, or was required to pay Plaintiff his entire $90,000 base salary.

Plaintiff entered an employment contract with Defendant "[o]n or about September 24, 2007." (Compl. ¶ 6.) Plaintiff alleges

1

1 in his complaint he was employed as an "'at-will'" "'IMPLEMENTATION
2 CONSULTANT'" and under the terms of the employment contract, renewal
3 of his employment was allowed for "'additional consecutive one year
4 terms ('Renewal Terms') unless either party [gave] the other written
5 notice prior to the end of the Term or any Renewal Term . . . not
6 . . . to renew this Agreement.'"  (Id. ¶ 8 a-c.)
7        Plaintiff alleges he "understood the above contract
8 . . . to mean that he had assurance that as long as his contract was
9 renewed at the end of its term, he had a job, unless the company
10 choose to terminate his employment on an at-will basis, in which case
11 he would be given his base salary unless he was given notice." (Id.
12 ¶ 9.)  Plaintiff alleges his base salary was ninety thousand dollars
13 ($ "90,000") and the appropriate notice, if terminated, "was defined
14 by the . . . 'applicable term of the Employment Standards Act' . . . .
15 [which] required that Plaintiff be given two weeks notice prior to
16 being terminated 'at-will.'"  (Id.)  "Plaintiff alleges and believes
17 that since he did not receive two weeks notice, he was to receive his
18 [full $90,000] base salary . . . "  (Id. ¶ 12)
19        Plaintiff began work for Defendant on October 1, 2007.  One
20 one year later, on October 1, 2008, "Plaintiff's contract was
21 automatically renewed at the end of its term."  (Id. ¶ 10.)  "On or
22 about April 30, 2009," however, Plaintiff was terminated.  "On or
23 about May 2, 2009, Plaintiff received via mail his final paycheck and
24 instructions regarding the shipment of his laptop to Defendant.  Also,
25 included in the package was a letter entitled 'Termination of
26 Employment - Steve Koss[,]' [which] stated that '[t]his letter
27 confirms termination of your employment as Implementation Consultant
28 with Agresso, effective April 30, 2009.  Your period of employment was

1  between October 1, 2007 and April 30, 2009.  You will be paid 2 weeks
2  in lieu of notice . . . [.]'" (Id. ¶ 11.)

## II.  LEGAL STANDARD

When deciding a Rule 12(c) motion for judgment on the pleadings, "all factual allegations in the complaint [are accepted] as true and construe[d] . . . in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009) (internal reference omitted).  "However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion for judgment on the pleadings." Butler v. Resurgence Financial, LLC, 521 F.Supp.2d 1093, 1095 (C.D.Cal. 2007) (referencing In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996)). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Fleming, 581 F.3d at 925 (internal reference omitted).

Defendant requests the Court take judicial notice of the employment contract at issue, which is attached to Defendant's motion as Exhibit A.  Plaintiff references the employment contract in his complaint and does not dispute the authenticity of Exhibit A.  The "incorporation by reference doctrine . . . permits a district court to consider documents [, such as the employment contract,] whose contents are alleged in [the] complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999) (internal citation and quotations omitted).  Further, consideration of "documents incorporated by reference in the complaint" does not "convert[] the motion [for judgment on the pleadings] into a motion for summary judgment." U.S. v. Ritchie, 342

F.3d 903, 908 (9th Cir. 2003).  Therefore, the employment contract attached as Exhibit A to Defendant's motion is considered under the incorporated by reference doctrine.

    The relevant contract provisions are the following:

> Section 4: <u>Salary Compensation</u>.  The Company shall pay the Employee a **base salary** (the "Base Salary") **at the rate of** NINETY THOUSAND Dollars ($90,000) **per calendar year.  The Base Salary shall be paid in such installments and at such times as the Company pays it regularly salaried employees.  The Base Salary will be subject to annual adjustment by the Company, in its sole discretion.**
>
> [ . . . ]
>
> Section 7: <u>Termination</u>.  This Agreement shall be terminated at the end of the Term of any Renewal Term, **or earlier as follows:**
>
> [ . . . ]
>
> > Section 7.03: <u>By The Company</u>.  The Company shall employ the Employee "at-will." **As such, the Company may terminate the Employee at any time with or without any notice, reason or cause, provided that the Company shall provide prior written notice of such termination consistent with the applicable term of Employment Standards Act as it applies as of the date of termination.  The Company may elect, however, to provide the employee payment of his base salary in lieu of notice.**
>
> [ . . . ]
>
> Section 13.04: <u>Governing Law Jurisdiction</u>: **This Agreement shall be construed under and enforced in accordance with the laws of the State of Massachusetts** and the parties hereto consent to the jurisdiction of the United States of America.

(Def's Request for Judicial Notice, Ex. A)(emphasis added.)

### III.  ANALYSIS

    Plaintiff argues the language in section 7.03, which provides Defendant the discretion to pay Plaintiff "his base salary in lieu of notice," means Plaintiff was to be paid his full $90,000 base

salary rather than the equivalent of two weeks of that salary. When deciding state contract claims, "[a] federal district court must apply the state law that would be applied by the state court of the state in which it sits." Shannon-Vail Five Inc. v. Bunch, 270 F.3d 1207, 1210 (9th Cir. 2001). "To determine the law governing a contract, California courts look to the relevant statute and, for further guidance, to the choice-of-law principles outlined in the Restatement." Id. (referencing Henderson v. Superior Court, 77 Cal.App.3d 583, 592 (1978)). Here, Section 13.04 of the employment contract states the contract is to "be construed under and enforced in accordance with the laws of the State of Massachusetts." "Section 187 of the Restatement" provides guidance on this point and states that the "'law of the state chosen by the parties' will govern. Parties can indicate this choice . . . through an express provision in the contract . . . .'" Id. (referencing RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 187, cmt. a.) Since the parties have chosen Massachusetts law to govern construction and enforcement of the contract, Massachusetts law is used to decide the motion.

### A. Breach of Contract

Defendant argues Plaintiff's breach of contract claim fails as a matter of law because the only reasonable interpretation of the contract entitled Plaintiff to receive two weeks of his $90,000 base salary as a result of being terminated without notice. (Def's Mot. 5:6-7:21). Defendant cites to Section 4 of the contract in support of its argument, which states Plaintiff's base salary shall be paid "***at the rate*** of NINETY THOUSAND Dollars ($90,000) ***per calendar year***," and to the Employment Standards Act, which states Plaintiff was entitled to two weeks termination notice. (Def's Mot. 5:6-7:21.)

Under Massachusetts law, "[t]he interpretation of a contract presents a question of law for the court, except to the extent disputed facts bear upon such interpretation." USM Corp. v. Arthur D. Little Systems, Inc., 546 N.E. 2d 888, 893 (Mass.App.Ct. 1989). Since the parties do not dispute facts surrounding the contract, and the only dispute is their interpretation of the contract terms, interpretation of the contract is a question of law. "The object of the court is to construe the contract as a whole, in a reasonable and practical way, consistent with its language, background, and purpose." Id. The Court must put itself "in the place of the parties to the instrument and give its words their plain and ordinary meaning in the light of the circumstances and in view of the subject matter." Polito v. School Committee of Peabody, 69 Mass.App.Ct. 393, 396 (2007) (internal citation and quotations omitted).

Plaintiff argues the disputed provisions of the contract are ambiguous and that "any ambiguity in the contract language should be construed against [Defendant,] the drafter." (Pl's Opp'n 6:9-11.) "Contract language is ambiguous where the phraseology can support reasonable difference of opinion as to the meaning of the words employed and the obligations undertaken." President and Fellows of Harvard College v. PECO Energy Co., 57 Mass.App.Ct. 888, 896 (2003) (internal citation and quotations omitted). However, "t]he mere fact that parties disagree on the proper construction of a document's language does not necessarily establish an ambiguity." Hoppe v. CMGI, Inc., No. 033809BLS, 2005 WL 3489865, at *4 (Mass.Supp. November 14, 2005)(internal reference omitted). The Court "must interpret the words in a contract according to their plain meaning . . . . [and]

6

1 determine the objective intent of the parties," not the subjective
2 intent of the parties, even if the parties interpret the contract
3 differently.  <u>Polito</u>, 69 Mass.App.Ct. at 396 (internal citation and
4 quotations omitted).  Reading the contract this way "may enable a
5 Court to see whether [the contract's] words can be understood or are
6 actually ambiguous."  <u>Hoppe</u>, 2005 WL 3489865, at *5 (internal
7 reference omitted).  The Court will now turn to the contract
8 provisions at issue.

9 Section 4 of the contract defines "base salary," as a salary
10 paid "at the rate of NINETY THOUSAND Dollars ($90,000) per calendar
11 year," stating "[t]he Base Salary shall be paid in such installments
12 . . . . [and] will be subject to annual adjustment by the Company, in
13 its sole discretion."  "Giv[ing the] words their plain and ordinary
14 meaning in the light of the circumstances [of an annual at-will
15 employment contract,]" "base salary" is an annual salary of ninety
16 thousand dollars paid in installments over the course of a year.
17 <u>Polito</u>, 69 Mass.App.Ct. at 396.  Section 7.03 of the contract states:
18 "[t]he Company may elect . . . to provide the employee payment of his
19 base salary in lieu of notice."  Based on the plain meaning of this
20 language, the contract terms are not ambiguous; Plaintiff was to
21 receive the portion of his $90,000 base salary he would have received
22 had he worked following receipt of two weeks notice prior to his
23 termination.  Since Plaintiff alleges he was entitled to a notice
24 period of two weeks prior to termination and that he received two
25 weeks pay of his base salary in lieu of receiving two weeks notice,
26 Plaintiff received what he was entitled to under the contract.
27 Therefore, Defendant's motion is granted on Plaintiff's breach of
28 contract claim.

**B. Breach of the California Labor Code for failure to pay all wages at the termination of employment**

Since Plaintiff's breach of contract claim is not viable, Plaintiff's California Labor Code claim, which is dependent on a viable breach of contract claim, is also not viable. Therefore, Defendant's motion is also granted on this claim.

**C.  Promissory Estoppel**

Plaintiff also alleges a promissory estoppel claim, in which he asserts he "performed all covenants and conditions" under the contract and that Defendant has been "unjustly enriched by [his] valuable services rendered for Defendant." (Id. ¶¶ 21-24.) Plaintiff argues this claim is stated "in case there was some legal issue regarding the viability of the employment contract." (Pl's Opp'n 7:20-22.) However, since Plaintiff's allegations do not support this claim, Defendant's motion is granted on this claim.

### IV. CONCLUSION

Since Defendant has shown it is entitled to judgment on the pleadings, judgment shall be entered in favor of Defendant.

Dated:  January 4, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge